IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-215 |
| | ) | |
| MIQUAN MORGAN-GRAHAM | ) | |

**MEMORANDUM ORDER**

Defendant Miquan Morgan-Graham is charged in a four-count Superseding Indictment with the following: possession with intent to distribute a quantity of fentanyl, a quantity of a mixture and substance containing detectable amounts of fentanyl and fluorofentanyl, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); carrying a firearm, which was also a machinegun, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii) (Count Two); possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Docket No. 56). Presently before the Court is Defendant's Motion to Dismiss Count 2 or to Strike the Violation of 18 U.S.C. § 924(c)(1)(B)(ii), wherein he argues that § 924(c)(1)(B)(ii) violates the Eighth Amendment's prohibition against cruel and unusual punishment.[1] (Docket Nos. 76; 77; 81 at 27-30). The Government opposes Defendant's Motion. (Docket No. 80 at 14-21). For reasons that follow, the Motion to Dismiss or to Strike will be denied without prejudice.

As relevant here, § 924(c)(1)(A)(i), as charged in Count Two of the Superseding Indictment, provides that "any person who, during and in relation to any . . . drug trafficking crime

---

[1] Defendant also has filed a Motion to Sever Count 4 for Purposes of Trial Or, In the Alternative, to Bifurcate, (Docket No. 73), which will be addressed by separate order of Court.

. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years." However, if a person convicted under § 924(c) possessed a machinegun, the mandatory term of imprisonment is not less than 30 years pursuant to § 924(c)(1)(B)(ii). Further, the term of imprisonment for a violation of § 924(c) must be imposed to run consecutively to the term of imprisonment imposed for the drug trafficking crime during which the firearm was used, carried, or possessed. *See* 18 U.S.C. § 924(c)(1)(D)(ii).

Defendant moves to dismiss Count Two or to strike the charged violation of § 924(c)(1)(B)(ii), contending that the 30-year mandatory term of imprisonment which must be imposed to run consecutively to the drug trafficking crime is grossly disproportionate to the offense and therefore constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Docket Nos. 76 at 2, ¶¶ 4, 5; 77 at 16-19; 81 at 27-30). Nonetheless, Defendant acknowledges that his facial attack on § 924(c)(1)(B)(ii)[2] may be premature at this stage of the proceedings. (*See* Docket No. 76 at 2, ¶ 7) (noting his "recogni[tion] that this argument may be one that is appropriately made at sentencing").

The Government responds that Defendant's Motion to Dismiss or to Strike should be denied because, among other reasons, his Eighth Amendment claim is premature.[3] (Docket No. 80 at 14-15). The Government is correct.

---

2    Defendant emphasizes that he advances a facial challenge to § 924(c)(1)(B)(ii) at present, but he reserves the right to make an as-applied challenge because "[a] record may be developed as to why [he] was carrying a Glock with a switch." (Docket Nos. 76 at 3, ¶ 8; 77 at 18-19).

3    The Government also argues that Defendant's Motion should be denied because: he cannot demonstrate that § 924(c)(1)(B)(ii) is facially unconstitutional; his reliance on the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406 (2024), is misplaced; and he cannot overcome the substantial deference that courts grant to "the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *United States v. Walker*, 473 F.3d 71, 82 (3d Cir. 2007) (citation omitted). (*See* Docket No. 80 at 15-21).

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted). In the Eighth Amendment context, the proscription against cruel and unusual punishment only is applicable following a determination of guilt after a trial or a plea. *See Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Whitley v. Albers*, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' . . . and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.' ") (quoting *Ingraham*, 430 U.S. at 664, 671, n. 40)); *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995) ("Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine.").

In this case, Defendant has not been convicted of the charged offenses at a trial or by entry of a guilty plea, thus the issue whether any sentence under § 924(c)(1)(B)(ii) would violate the Eighth Amendment is not yet ripe for adjudication. *See United States v. Gaines*, 3:13-CR 00050-TBR-1, 2014 WL 2892775, at *1 (W.D. Ky. June 26, 2014) ("Because [the defendant] has yet to be tried for, convicted of, or pleaded guilty to the charged offenses, the issue whether any sentence under § 924(c) would violate the Eighth Amendment is not yet ripe for challenge."). Other district courts likewise have ruled that an Eighth Amendment challenge is not ripe for review when a defendant has not yet been convicted at a trial or entered a plea of guilty. *See, e.g., United States*

*v. Torres*, 683 F. Supp. 56, 61-62 (S.D.N.Y. 1988);[4] *United States v. Williams*, 6:13-cr-26-Orl-36TBS, 2014 WL 117091, at *5 (M.D. Fla. Jan. 13, 2014); *United States v. Brull*, No. 12-10226-01-EFM, 2013 WL 1092885, at *1 (D. Kan. Feb. 22, 2013); *United States v. Warren*, No. 09-CR-2059 BB, 2010 WL 11619337, at *1-2 (D.N.M. July 23, 2010); *United States v. Agriprocessors, Inc.*, No. 08-CR-1324-LRR, 2009 WL 2255728, at *18 (N.D. Iowa July 27, 2009). Because Defendant's facial challenge arguing that § 924(c)(1)(B)(ii) violates the Eighth Amendment's prohibition against cruel and unusual punishment "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas v. United States*, 523 U.S. at 300, his Eighth Amendment claim is not yet ripe for judicial determination.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 24th day of October, 2024, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Count 2 or to Strike the Violation of 18 U.S.C. § 924(c)(1)(B)(ii), (Docket No. 76), is DENIED WITHOUT PREJUDICE to renewal should Defendant stand convicted of Count Two of the Superseding Indictment as charged.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

4   As the *Torres* court observed, to the extent Defendant seeks a determination of his Eighth Amendment claim now "out of a desire to assess the risks of going to trial as opposed to pleading guilty[,] . . . [t]his is an insufficient basis for this Court to determine an issue that is not ripe for adjudication. The risk that the penalty established [by a particular statute] will be held not to violate the Eighth Amendment, like the risk of conviction, is simply a factor to be evaluated by the defendant[], with counsel's advice, in deciding whether to plead guilty or go to trial." *Torres*, 683 F. Supp. at 62.