IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 23-215 |
| ) | |
| MIQUAN MORGAN-GRAHAM ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Miquan Morgan-Graham's Motion to Sever Count 4 for Purposes of Trial or, in the alternative, to Bifurcate, (Docket No. 73), the Government's Response opposing Defendant's Motion, (Docket No. 80 at 1-14), and Defendant's Reply to the Government's Response. (Docket No. 81 at 1-27). As explained herein, the Government will be permitted to file a Sur-reply to supplement its position concerning the admissibility of Defendant's prior drug trafficking convictions under Rule 404(b) as related to its contention that bifurcation of Count Four is unwarranted.

**I.      BACKGROUND**

Defendant is charged in a four-count Superseding Indictment with the following: possession with intent to distribute a quantity of fentanyl, a quantity of a mixture and substance containing detectable amounts of fentanyl and fluorofentanyl, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); carrying a firearm, which was also a machinegun, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii) (Count Two); possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Three); and possession of a firearm by a convicted felon, in violation

1

of 18 U.S.C. § 922(g)(1) (Count Four).  (Docket No. 56).

Defendant has moved to sever Count Four for purposes of trial or, alternatively, to bifurcate, contending that evidence of his prior state drug trafficking convictions is both irrelevant and unfairly prejudicial as to all counts, except Count Four.[1]  (Docket Nos. 73, 75).  In a subsequently filed Reply in support of his Motion, Defendant clarifies that he is "now" requesting bifurcation. (Docket No. 81 at 3).  Additionally, Defendant submits that he "offers the Government a stipulation that he has been convicted of a crime punishable by more than one (1) year." (*Id.* at 13, 27).

The Government opposes Defendant's Motion, arguing that severance or bifurcation is not warranted because evidence of his prior drug trafficking convictions, necessary to establish Count Four, would be independently admissible in a separate trial with respect to Counts One through Three.  (*See* Docket No. 80 at 3-14).  More specifically, the Government maintains that Defendant's alleged illegal possession of a firearm is intrinsic to Count Two, that is, his prior drug trafficking convictions are admissible to establish that he carried the firearm in relation to a drug trafficking crime, as opposed to possessing it for an unrelated reason.  (*Id.* at 5-8).  The Government further advocates that Defendant's prior drug trafficking convictions are admissible with respect to Count One under Rule 404(b) to establish his knowledge of the substances he possessed in this matter and his intent to distribute those substances.  (*Id.* at 8-11).

As to its Rule 404(b) argument, the Government cites various Third Circuit cases for the proposition that "evidence of the [D]efendant's prior drug trafficking convictions provides strong evidence that he either knew the substances he possessed were controlled substances, or that he knew the specific controlled substance." (Docket No. 80 at 9-10, 11).  The Government also

---

1  Defendant also filed a Motion to Dismiss Count 2 or to Strike the Violation of 18 U.S.C. § 924(c)(1)(B)(ii), (Docket No. 76), which was denied without prejudice by separate Memorandum Order.  (Docket No. 82).

2

broadly states that Defendant's "prior PWID convictions are admissible evidence of [his] intent" "to distribute the controlled substances, as opposed to possessing them for some other purpose." (*Id.* at 11). The Government provides no additional explanation why Defendant's prior drug trafficking convictions are admissible under Rule 404(b) to prove knowledge and intent. Consequently, on the present record, the Court is unable to determine whether the Government's proffered evidence is admissible under Rule 404(b) which necessarily impacts consideration of whether bifurcation is warranted here. For this reason, the Government will be given an opportunity to supplement its argument concerning the admissibility of Defendant's prior drug trafficking convictions under Rule 404(b) consistent with controlling Third Circuit precedent as discussed next.

## II.     LEGAL STANDARD – RULE 404(b)

Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs or other acts, may be admissible if: (1) the evidence is intrinsic to the charged offense; or (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). In the Third Circuit, evidence of uncharged acts is considered intrinsic if it "directly proves" the charged offense, or if it is "performed contemporaneously with the charged crime . . . [and] facilitate[s] the commission of the charged crime." *Id.* at 248, 249.

Uncharged acts which do not come within the definition of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Rule 404(b) provides, in relevant part:

3

> (b) Other Crimes, Wrongs, or Acts.
>
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it," "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," and "do so in writing before trial." Fed. R. Evid. 404(b)(3)(A)-(C).

As articulated by the Third Circuit Court of Appeals, "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). Given that "Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has the burden of demonstrating [the evidence's] applicability." *Id.* (internal quotation marks and citation omitted). Accordingly, "[a]dmissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction." *Id.* (citations omitted). This process demands "careful precision" by both the proponent of the other-acts evidence and the

4

judge determining its admissibility. *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citation omitted).

As to the first step of the Rule 404(b) analysis, a proper purpose is one that is "probative of a material issue other than character." *Huddleston*, 485 U.S. at 686. The Third Circuit Court of Appeals has held that "one proper purpose under Rule 404(b) is supplying helpful background information to the finder of fact." *Green*, 617 F.3d at 250. Accordingly, "allowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)." *Id.* at 247 (citations omitted). Additionally, the Court of Appeals has observed that knowledge and intent are also proper, non-propensity purposes. *Repak*, 852 F.3d at 242 ("The plain text of Rule 404(b) allows for the admission of other-acts evidence to show knowledge and intent as the Government proffered here."). Notably, in *Repak*, the defendant's knowledge and intent were elements of the two charged offenses, and he put his mental state at issue in the case by contesting those elements at trial. *Id.; see United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994) ("In order to admit evidence under the 'intent' component of Rule 404(b), intent must be an element of the crime charged and the evidence offered must cast light upon the defendant's intent to commit the crime.").

Next, the second step requires a showing that the other-acts evidence must be relevant to the identified non-propensity purpose. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. More specifically, for proffered evidence to be relevant to the identified non-propensity purpose, it "must fit into 'a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference.' " *Repak*, 852 F.3d at 243 (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir.

5

2013)). To that end, "a logical chain of inferences must be articulated so that we are 'assure[d] that the evidence is not susceptible to being used improperly by the jury.' " *Id.* (quoting *United States v. Caldwell*, 760 F.3d 267, 282 (3d Cir. 2014)). Put another way, the other-acts evidence must be linked to a non-propensity purpose with "careful precision," *id.* at 244 (quoting *Caldwell*, 760 F.3d at 281), such that the "chain of inferences [does] not require the jury to make 'too great a leap in logic.' " *Id.* at 245 (quoting *Brown*, 765 F.3d at 293).

The third step requires that other-acts evidence must not give rise to a danger of unfair prejudice that substantially outweighs the probative value of the evidence under Federal Rule of Evidence 403. *Repak*, 852 F.3d at 241, 246. Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Rule 403 "creates a presumption of admissibility." *Repak*, 852 F.3d at 246 (quoting *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014)). "Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value."[2] *Id.* (quoting *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)).

Finally, at step four of the Rule 404(b) analysis, the other-acts evidence must be accompanied by a limiting instruction if one is requested. *Repak*, 852 F.3d at 241, 248. Such an instruction must "advise[ ] the jury that the evidence is admissible for a limited purpose and may not be considered in another manner." *Id.* at 248 (quoting *Caldwell*, 760 F.3d at 277).

---

2   The Third Circuit Court of Appeals has instructed that a district court must "undertake some analysis," that is, "provide 'meaningful balancing,' " when applying Rule 403 to determine the admissibility of Rule 404(b) evidence." *Repak*, 852 F.3d at 246 (quoting *Caldwell*, 760 F.3d at 283). A Rule 403 evaluation is not meaningful "if it merely states a bare conclusion." *Id.* at 247.

### III.    DISCUSSION

In the present matter, the Government has identified knowledge and intent as permissible, non-propensity purposes for admission of Defendant's prior drug trafficking convictions. As discussed, based on the information presently available, the Court is unable to ascertain whether the proffered evidence is admissible under Rule 404(b) and hence what impact that may have on the disputed request for bifurcation.

First, the Government argues that Defendant's prior drug trafficking convictions will show that he knew he possessed controlled substances, or he knew the specific controlled substance. (Docket No. 80 at 11). Despite the Government's contention, it is not entirely clear on the current record whether knowledge is at issue in this case. (*See, e.g.,* Docket No. 81 at 24) (stating that "Defendant will never testify that he was mistaken about what type of drugs he allegedly possessed"). If knowledge is not at issue in a case, it is not a proper basis to admit evidence of a defendant's prior drug trafficking convictions. *See United States v. Johnson*, No. 1:16-cr-162, 2018 WL 1367328, at *6 (M.D. Pa. Mar. 16, 2018) (where defendant conceded knowing possession of cocaine base and argued only that he did not intend to distribute the drugs, knowledge was not at issue and therefore the defendant's prior drug distribution convictions were inadmissible under Rule 404(b) on that basis). Accordingly, the Government may confer with the defense as necessary, and then explain whether it believes knowledge is at issue. If so, the Government should explain how Defendant's prior drug trafficking convictions are relevant to the identified non-propensity purpose of knowledge by linking the proffered evidence to that purpose with "careful precision" and then analyze whether admission of the proffered evidence gives rise to a danger of unfair prejudice that substantially outweighs its probative value. *Repak*, 852 F.3d at 241, 244, 246.

Next, the Government argues that Defendant's prior drug trafficking convictions are admissible to show his intent to distribute the controlled substances involved here. (Docket No. 80 at 11). Defendant's briefing does not appear to contest that intent is disputed. Nonetheless, Defendant correctly observes that the Government "does not really suggest why [his] three prior convictions are admissible to prove he is guilty of Count [One]." (Docket No. 81 at 23). Rather, the Government broadly asserts that Defendant's prior drug trafficking convictions are admissible evidence of his intent to distribute without any further explanation.[3] (Docket No. 80 at 11). Although intent may be a permissible, non-propensity purpose, the Government has not explained how the proffered evidence is relevant to that purpose in this case. *Repak*, 852 F.3d at 241. On the current record, the Government has not set forth a logical chain of inferences which links Defendant's prior drug trafficking convictions to the non-propensity purpose of intent with "careful precision." *Id.* at 244 (quoting *Caldwell*, 760 F.3d at 281). Given that the Government has not addressed step two (or step three) of the *Repak* analysis, it will be given an opportunity to supplement its position on these matters.

## IV.  CONCLUSION

For the reasons discussed, the Government will be afforded the opportunity to supplement its position concerning the admissibility of Defendant's prior drug trafficking convictions under Rule 404(b) as related to its contention that bifurcation of Count Four of the Superseding

---

[3]  For instance, in *Johnson*, the Government advocated at step two of the *Repak* analysis that the defendant's prior drug distribution convictions were relevant to establish intent to distribute because they showed his awareness of the manner in which cocaine base was packaged, distributed, and priced in Dauphin County, and the manner in which it was ingested. *Johnson*, 2018 WL 1367328, at *7. Nonetheless, the district court was not persuaded by this argument, finding that there was a "significant missing link in the Government's chain of logic" because the Government did not explain how intent to distribute followed from awareness of drug packaging, pricing, and ingestion. *Id.* Conversely, other courts have ruled that a defendant's prior drug trafficking convictions are admissible to establish intent to distribute in a later case, as the Government notes in its briefing here. (*See* Docket No. 80 at 11). These differing outcomes are not unexpected, given that "the Third Circuit requires a case-by-case, fact-specific approach to Rule 404(b) questions." *Johnson*, 2018 WL 1367328, at *8 (citing *Caldwell*, 760 F.3d at 277).

Indictment from Counts One through Three for trial purposes is unwarranted.

An appropriate order follows.

### **ORDER OF COURT**

AND NOW, this 29th day of October, 2024, in connection with Defendant's pending Motion to Sever Count 4 for Purposes of Trial or, in the alternative, to Bifurcate, (Docket No. 73), IT IS HEREBY ORDERED that the Government shall file a Sur-reply by **November 12, 2024**, to supplement its position concerning the admissibility of Defendant's prior drug trafficking convictions under Rule 404(b) as set forth herein. Oral argument, if necessary, will be scheduled by further order of Court.[4]

IT IS FURTHER ORDERED that the delay resulting from the filing of Defendant's Motion to Sever or to Bifurcate through the conclusion of any briefing on said Motion, (August 12, 2024 to November 12, 2024), is deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

4   After the parties' briefing is complete and oral argument, if necessary, has occurred, the Court will take the matter under advisement. *See* 18 U.S.C. § 3161(h)(1)(H).