IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 23-215 |
| ) | |
| MIQUAN MORGAN-GRAHAM ) | |

## ORDER OF COURT

AND NOW, this 8th day of October, 2025, upon consideration of certain pretrial motions filed by Defendant, (Docket Nos. 134, 136, 139, 140, 141), and the Government's Omnibus Response thereto, (Docket No. 144 at 12-17), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Preserve Rough Notes and Motion to Compel Government Agents and State and Local Law Enforcement Officers to Retain and Preserve Rough Notes, Writings, Emails and Text Messages, (Docket Nos. 134, 141), are granted in part and denied in part. The Motions are granted to the extent Defendant requests the Government to retain and preserve rough notes and drafts of reports that fall within the purview of *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act") and *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports).[1] The Motions are denied to the extent they request retention or preservation

---

[1] The Government submits that it "has directed the law enforcement officers involved in this matter to preserve all rough notes, writings, emails, and text messages pertinent to the investigation that is the basis of the current federal charges against [Defendant]." (Docket No. 144 at 14). The Government notes, however, that the department policies of local officers may require them to destroy notes. *See, e.g., United States v. Ramos*, 27 F.3d 65, 71-72 (3d Cir. 1994) (finding that municipal police officers were not federal agents for purposes of rule requiring preservation of rough notes of interview).

of materials that do not fall into the categories discussed in *Vella* and *Ammar*.

2. Defendant's Motion for Additional Discovery, (Docket No. 136), is denied as moot to the extent he requests information which the Government already has provided[2] or has indicated does not exist as set forth in the Receipt for Local Criminal Rule 16 Material, (*see* Docket No. 34), and it is further denied as premature and without prejudice given the Court's expectation that the Government will adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16, *Brady/Giglio* and the Jencks Act. To the extent Defendant believes any discovery items remain outstanding, he shall confer with the Government concerning his specific request. If such conferral does not resolve the matter, Defendant may file a renewed motion concerning the particular item(s) he seeks. *See* LCrR 16(E) ("Counsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court.").

3. Defendant's Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609,[3] (Docket No. 139), and Motion for

---

[2] As set forth in the Government's Response and the Rule 16 Receipt, the Government has provided the defense with the following: recordings of the detectives' body worn cameras; surveillance footage taken from a City of Pittsburgh camera; Pittsburgh Bureau of Police reports regarding the incident; Allegheny County Office of the Medical Examiner laboratory reports; forensic extractions of all three of Defendant's cellular phones; photographs of the evidence; copies of Defendant's certified convictions and criminal history; copies of several of Defendant's recorded phone calls from the Allegheny County Jail; and copies of the search warrants and affidavit for Defendant's cellular phones. (*See* Docket Nos. 34 at 2; 144 at 13).

[3] Rule 404(b) requires the Government to provide written "reasonable notice" of other acts evidence that it intends to offer at trial, so that the defendant has a fair opportunity to meet it. *See* Fed. R. Evid. 404(b)(3)(A). What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See, e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2). Here, the Government indicates that it has provided Defendant with copies of his criminal history, and Defendant also requested and obtained a pre-plea presentence investigation report detailing his criminal history. (Docket No. 144 at 16). The Government

Production of Exculpatory Evidence and Impeachment Evidence, (Docket No. 140), are denied as premature and without prejudice, as the Court will set deadlines for the disclosure of these materials in the pretrial order.[4]  In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b) / 609 evidence, (*see* Docket No. 139 at 2, 8), likewise is denied as premature and without prejudice.[5]

s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

    Miquan Morgan-Graham (via U.S. mail)
    DOC No. 179627
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA  15219

---

submits that it intends to use any prior convictions that satisfy the parameters of Rule 609 to impeach Defendant if he testifies at trial, and it will provide more specific notice to Defendant in advance of trial in compliance with any deadlines set by the Court.  (*See id.*).

[4]    To the extent that any of Defendant's requests also seek production of Jencks Act materials, the Court notes that it lacks the authority to order the production of such materials until after a Government witness testifies on direct examination.  To that end, the Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter of the witness' testimony.  18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001).  As such, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012).  Nevertheless, in this Court's experience, the Government typically is willing to disclose such material sufficiently in advance of trial to avoid delay and in accordance with the Court's pretrial order.  *See id.* at 248 n.18 (observing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies").  Similar to other cases, the Court's pretrial order in this case will encourage the Government to provide Jencks Act materials prior to the pretrial conference.

[5]    Generally, "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023).  With that said, the parties may opt to raise any 404(b) issues in motions in limine, for which filing deadlines will be established in the Court's pretrial order.