IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 23-215 |
| ) | |
| MIQUANN MORGAN-GRAHAM   ) | |

**MEMORANDUM OPINION**

Presently before the Court is *pro se* Defendant Miquann Morgan-Graham's Motion to Sever Count 4 for Purposes of Trial or, in the Alternative, to Bifurcate, which is opposed by the Government. (Docket Nos. 73; 75; 80 at 3-14; 81 at 1-27; 84; 147; 148; 151). After careful consideration of the parties' respective positions, Defendant's Motion will be denied.

**I.     BACKGROUND**

Defendant is charged in a four-count Superseding Indictment with the following: possession with intent to distribute a quantity of fentanyl, a quantity of a mixture and substance containing detectable amounts of fentanyl and fluorofentanyl, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); carrying a firearm, which was also a machinegun, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii) (Count Two); possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Docket No. 56).

When initially represented by counsel, Defendant moved to sever Count Four for purposes of trial or, alternatively, to bifurcate, contending that evidence of his prior state drug trafficking convictions is both irrelevant and unfairly prejudicial as to all counts, except Count Four. (Docket Nos. 73, 75). In a subsequently filed Reply in support of his Motion, Defendant clarified that he

1

is "now" requesting bifurcation. (Docket No. 81 at 3).

The Government opposes Defendant's Motion, arguing that severance or bifurcation is not warranted because evidence of Defendant's prior drug trafficking convictions, necessary to establish Count Four, would be independently admissible in a separate trial with respect to Counts One through Three. (*See* Docket No. 80 at 3-14). More specifically, the Government maintains that Defendant's alleged illegal possession of a firearm is intrinsic to Count Two, that is, his prior drug trafficking convictions are admissible to establish that he carried the firearm in relation to a drug trafficking crime, as opposed to possessing it for an unrelated reason. (*Id.* at 5-8). The Government further advocates that Defendant's prior drug trafficking convictions are admissible with respect to Count One under Rule 404(b) to establish his knowledge of the substances he possessed in this matter and his intent to distribute those substances. (*Id.* at 8-11).

After reviewing the parties' briefing, the Court ordered the Government to supplement its argument concerning the admissibility of Defendant's prior drug trafficking convictions under Rule 404(b) consistent with the four steps laid out in *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). (Docket No. 83). Following the Government's supplemental filing on that issue, the Court held oral argument on Defendant's Motion to Sever or Bifurcate and subsequently ordered post-argument briefing on the Motion. (Docket Nos. 84, 89, 90, 93).

After that, Defendant moved to proceed *pro se* in this case, which the Court ultimately granted after holding several hearings on the matter. (Docket Nos. 96, 101, 105, 113, 114). Defendant then indicated that he wanted to consider whether to withdraw his Motion to Sever or Bifurcate. (Docket No. 113). While affording Defendant an opportunity to do so, the Court held in abeyance the parties' post-argument briefing on the Motion pending written notice by Defendant specifying how he intended to proceed. (Docket Nos. 118). Ultimately, Defendant filed a Notice

indicating that he wanted to proceed with the Motion to Sever or Bifurcate. (Docket No. 145). Accordingly, the Court entered an updated post-argument briefing schedule on the Motion, and the parties filed their written submissions. (Docket Nos. 146, 147, 148, 150, 151). Defendant's Motion to Sever or Bifurcate is now ripe for disposition.

## II.    LEGAL STANDARD – SEVERANCE AND BIFURCATION

An indictment may charge a defendant "in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Here, the Superseding Indictment alleges that Defendant both possessed controlled substances with the intent to distribute them (Count One) and carried and possessed a firearm, which was also a machinegun (Counts Two, Three, and Four) on or about September 20, 2023. (Docket No. 56). Accordingly, there is a temporal and logical connection between the charges, making their joinder in the Superseding Indictment proper under Rule 8(a). *See United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987) (ruling that possession with intent to distribute cocaine and unlawful possession of a firearm were interrelated offenses and properly joined). Defendant does not contest joinder of the charges under Rule 8(a). (Docket No. 75 at 3).

Given that joinder of the charges is proper, the Court turns to consider Defendant's claim that he will be prejudiced if Count Four is tried with Counts One, Two, and Three. Defendant's claim of prejudicial joinder implicates Rule 14(a), which provides that a court may order separate trials of counts if the joinder of offenses in an indictment appears to prejudice a defendant. Fed. R. Crim. P. 14(a).[1] A defendant who claims improper joinder under Rule 14 must demonstrate

---

[1] Rule 14(a) states, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

clear and substantial prejudice, *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981), and he bears a "heavy burden" of showing that severance or other relief is warranted. *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005). A motion for relief under Rule 14 rests in the sound discretion of the district court. *Reicherter*, 647 F.2d at 400.

Pursuant to Rule 14(a), Defendant seeks bifurcation of Count Four from the other three counts charged in the Superseding Indictment. Relevant here, the Third Circuit Court of Appeals has recognized that a defendant charged with possessing a firearm as a felon may be prejudiced at trial as to the other counts when evidence of his prior convictions is introduced. *United States v. Busic*, 587 F.2d 577, 585 (3d Cir. 1978), *rev'd on other grounds* by 446 U.S. 398 (1980). As *Busic* instructed, to determine whether severance (or some other form of relief) is warranted, a district court "should determine whether evidence of the prior convictions would be independently admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts - that were these counts to be tried alone the jury would not hear this evidence - then severance should be granted." *Id.* The Court of Appeals also has recognized that bifurcation may be appropriate to address the concern that introducing evidence of a defendant's criminal record in order to prove a felon in possession charge would prejudice him during the jury's deliberation on the other counts. *See United States v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992)[2] (*abrogated on other grounds* by *Stinson v. United States*, 508 U.S. 36 (1993)). Following *Busic* and *Joshua*, courts in this circuit "have opted to bifurcate the counts for trial when evidence of

---

[2] In *Joshua*, the defendant was charged with armed bank robbery, weapons charges in connection with the bank robbery, and possession of a firearm by a convicted felon. The district court denied the defendant's motion to sever, but it ordered a bifurcated trial during which the jury first heard evidence and deliberated concerning the robbery-related counts, and then heard evidence of the defendant's criminal record and deliberated concerning the felon in possession count. The Court of Appeals determined that this procedure employed by the district court "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy." *Joshua*, 976 F.2d at 848.

4

prior convictions was not admissible as to the other counts. Conversely, courts have refused to either sever or bifurcate when evidence of the prior offenses could be admitted at trial on the other counts." *United States v. Carothers*, No. 3:20-cr-31-2, 2024 WL 3925201, at *3 (W.D. Pa. Aug. 23, 2024) (quoting *United States v. Stanton*, Crim. No. 11-57, 2013 WL 529930, at *4 (W.D. Pa. Feb. 11, 2013) (internal quotation marks and citations omitted)).

### III. DISCUSSION

As stated, the Government seeks to introduce Defendant's prior drug trafficking convictions as intrinsic evidence to Count Two and to establish his knowledge and intent under Rule 404(b) as to Count One. The Court finds that Defendant's prior drug trafficking convictions are admissible for these purposes. Consequently, bifurcation of Count Four from Counts One, Two, and Three of the Superseding Indictment is unwarranted.

#### A. Applicable Principles Governing Admission of Intrinsic and Extrinsic Evidence

Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs or other acts, may be admissible if: (1) the evidence is intrinsic to the charged offense; or (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). In the Third Circuit, evidence of uncharged acts is considered intrinsic if it "directly proves" the charged offense, or if it is "performed contemporaneously with the charged crime . . . [and] facilitate[s] the commission of the charged crime." *Id.* at 248, 249.

Uncharged acts which do not come within the definition of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the

5

actor's character." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Rule 404(b) provides, in relevant part:

> (b) Other Crimes, Wrongs, or Acts.
>
> > (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it," "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," and "do so in writing before trial." Fed. R. Evid. 404(b)(3)(A)-(C).

As the Third Circuit Court of Appeals explained, "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *Repak*, 852 F.3d at 241. Given that "Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has the burden of demonstrating [the evidence's] applicability." *Id.* (internal quotation marks and citation omitted). Accordingly, "[a]dmissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction." *Id.* (citations omitted). This process demands "careful

6

precision" by both the proponent of the other-acts evidence and the judge determining its admissibility. *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citation omitted).

As to the first step of the Rule 404(b) analysis, a proper purpose is one that is "probative of a material issue other than character." *Huddleston*, 485 U.S. at 686. The Third Circuit Court of Appeals has held that "one proper purpose under Rule 404(b) is supplying helpful background information to the finder of fact." *Green*, 617 F.3d at 250. Accordingly, "allowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)." *Id.* at 247 (citations omitted). Additionally, the Court of Appeals has observed that knowledge and intent are also proper, non-propensity purposes. *Repak*, 852 F.3d at 242 ("The plain text of Rule 404(b) allows for the admission of other-acts evidence to show knowledge and intent as the Government proffered here.").

Next, the second step requires a showing that the other-acts evidence is relevant to the identified non-propensity purpose. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. More specifically, for proffered evidence to be relevant to the identified non-propensity purpose, it "must fit into 'a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference.'" *Repak*, 852 F.3d at 243 (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)). To that end, "a logical chain of inferences must be articulated so that we are 'assure[d] that the evidence is not susceptible to being used improperly by the jury.'" *Id.* (quoting *United States v. Caldwell*, 760 F.3d 267, 282 (3d Cir. 2014)). Put another way, the other-acts evidence must be linked to a non-propensity purpose with "careful precision," *id.* at 244 (quoting *Caldwell*, 760 F.3d

at 281), such that the "chain of inferences [does] not require the jury to make 'too great a leap in logic.' " *Id.* at 245 (quoting *Brown*, 765 F.3d at 293).

The third step requires that other-acts evidence must not give rise to a danger of unfair prejudice that substantially outweighs the probative value of the evidence under Federal Rule of Evidence 403. *Repak*, 852 F.3d at 241, 246. Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Rule 403 "creates a presumption of admissibility." *Repak*, 852 F.3d at 246 (quoting *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014)). "Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value."[3] *Id.* (quoting *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)).

Finally, at step four of the Rule 404(b) analysis, the other-acts evidence must be accompanied by a limiting instruction if one is requested. *Repak*, 852 F.3d at 241, 248. Such an instruction must "advise[ ] the jury that the evidence is admissible for a limited purpose and may not be considered in another manner." *Id.* at 248 (quoting *Caldwell*, 760 F.3d at 277).

### B. Bifurcation of Count Four From Counts One, Two, and Three is Unwarranted

In determining whether bifurcation is warranted, the Court evaluates the admissibility of Defendant's prior drug trafficking convictions in accordance with the foregoing legal principles applicable to the admissibility of intrinsic and extrinsic evidence. To start, Count Four of the

---

3      The Third Circuit Court of Appeals has instructed that a district court must "undertake some analysis," that is, "provide 'meaningful balancing,' " when applying Rule 403 to determine the admissibility of Rule 404(b) evidence." *Repak*, 852 F.3d at 246 (quoting *Caldwell*, 760 F.3d at 283). A Rule 403 evaluation is not meaningful "if it merely states a bare conclusion." *Id.* at 247.

Superseding Indictment charges Defendant with unlawful possession of a firearm by a convicted felon, alleging that he previously was convicted three times of possession with intent to deliver a controlled substance, in violation of 35 P.S. § 780-113(a)(30), all in the Court of Common Pleas of Allegheny County, Pennsylvania. (Docket No 56 at 4). The Government represents that Defendant's three prior state convictions involved possession with intent to deliver crack cocaine (the "prior PWID convictions"), (*see* Docket No. 80 at 2), which Defendant does not contest.

As discussed, the Government seeks to admit at trial Defendant's prior PWID convictions for two purposes. First, the Government seeks to admit the prior PWID convictions as extrinsic evidence under Rule 404(b) with respect to Count One to establish Defendant's knowledge of the substances he possessed and his intent to distribute those substances. (Docket Nos. 80 at 8-11; 84 at 4-14). The Court finds that Defendant's prior PWID convictions are admissible under Rule 404(b) for those purposes.

Consistent with *Repak*, the Government has satisfied step one of the Rule 404(b) analysis because it proffers Defendant's prior PWID convictions for the non-propensity purposes of showing knowledge and intent. *Repak*, 852 F.3d at 242 ("The plain text of Rule 404(b) allows for the admission of other-acts evidence to show knowledge and intent as the Government proffered here."). The second step of the analysis is also satisfied because the prior PWID convictions are relevant to establishing Defendant's knowledge of the substances he is charged with possessing and that he had the intent to distribute them, both elements of the offense charged in Count One.[4] *See United States v. Rodriguez*, 844 F. App'x 562, 564-65 (3d Cir. 2021) (finding that prior drug

---

4    In order to prove the offense of possession with intent to distribute a controlled substance charged in Count One of the Superseding Indictment, the Government must prove beyond a reasonable doubt that: (1) Defendant possessed a mixture or substance containing a controlled substance; (2) he possessed the controlled substance knowingly or intentionally; (3) he intended to distribute the controlled substance; and (4) the controlled substance was fentanyl, a mixture and substance containing fentanyl and fluorofentanyl, and cocaine base. *See* 3d Cir. Model Crim. Jury Instruction § 6.21.841A.

conviction was relevant to showing intent and knowledge). Specifically, Defendant's prior PWID convictions tend to show that he has prior knowledge of, and familiarity with, crack cocaine distribution, thus he would have possessed the requisite knowledge to engage in crack cocaine distribution (such as packaging, pricing, and the like) when he was found to be in possession of it in this case. *See United States v. Garner*, 961 F.3d 264, 274 (3d Cir. 2020) (finding that district court properly admitted prior cocaine trafficking conviction to show that the defendant had the knowledge and intent to sell packaged cocaine in his possession). Further, Defendant's prior PWID convictions also tend to show that he possessed the controlled substances alleged in Count One with the intent to distribute them, rather than for personal use. *See United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015) (reiterating that "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial"). Under the circumstances here, the Court is satisfied that Defendant's prior PWID convictions are relevant to the two non-propensity purposes proffered by the Government.

  As to unfair prejudice under Rule 403, the Court finds that the probative value of the prior PWID convictions is not substantially outweighed by the potential for causing unfair prejudice to Defendant. To repeat, the Government intends to offer the prior PWID convictions to establish that Defendant knew the nature of the substance he possessed and that he intended to distribute it. In the Court's estimation, evidence of the prior PWID convictions is highly probative to the jury's consideration of these issues because, as the Government persuasively highlights, it must rely on circumstantial evidence to establish Defendant's knowledge and intent. (Docket No. 84 at 15). Given that Defendant's knowledge and intent are elements the Government must prove to establish the offense charged in Count One, Rule 403 does not bar admission of the prior PWID convictions. *See, e.g., Jackson*, 619 F. App'x at 194 (finding that probative value of admitting prior drug

trafficking convictions was not substantially outweighed by a danger of unfair prejudice under Rule 403). Finally, any concern about prejudice can be addressed by an appropriate limiting instruction, if requested by Defendant. *Repak*, 852 F.3d at 241; *see also United States v. Savage*, 85 F.4th 102, 119 (3d Cir. 2023) ("And, of course, we presume that the jury will follow limiting instructions and will be able to appropriately analyze the evidence and issues.").

Next, the Government seeks to introduce Defendant's prior PWID convictions as intrinsic evidence to Count Two charging him with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii). (Docket Nos. 80 at 5-8; 147; 151). As explained below, the Court finds that the prior PWID convictions are admissible as intrinsic evidence relative to Count Two because the convictions are evidence that Defendant cannot legally possess a firearm, which tends to show that he carried the firearm in relation to a drug trafficking crime instead of for some other reason.

The Court initially notes that the parties debate the admissibility of Defendant's prior PWID convictions as intrinsic evidence to Count Two primarily because a defendant can be charged with violating § 924(c) in one of two ways – either by possessing a firearm in furtherance of a drug trafficking crime *or* (as here) by carrying a firearm during a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A).[5] This debate about the admissibility of Defendant's prior PWID convictions as intrinsic evidence to Count Two seems to result from the Third Circuit Model Criminal Jury Instructions' listing of various factors that may be considered to evaluate the two prongs of § 924(c). Pursuant to the Model Instructions, to determine whether a defendant carried a firearm in relation to a drug trafficking crime, the jury may consider all of the factors received

---

5   A violation of the statute occurs when a person "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).

11

in evidence in the case, including the nature of the underlying drug trafficking crime, how close the defendant was to the firearm in question, the usefulness of the firearm to the drug trafficking crime, and the circumstances surrounding the presence of the firearm. *See* 3d Cir. Model Crim. Jury Instruction § 6.18.924B. To determine whether a defendant possessed a firearm in furtherance of a drug trafficking crime, some factors the jury may consider include the following: 1) the type of criminal activity that is being conducted; 2) accessibility of the firearm; 3) the type of firearm; 4) whether the firearm is stolen; 5) whether the defendant possesses the firearm legally or illegally; 6) whether the firearm is loaded; 7) the time and circumstances under which the firearm is found; and 8) proximity to drugs or drug profits. *Id.*, § 6.18.924A-1; *see also United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (listing these nonexclusive factors as relevant to showing that possession of a firearm advanced or helped forward a drug trafficking crime). Defendant's position is premised on the fact that an individual's legal or illegal firearm possession is listed as factor to consider for a "possession in furtherance of" charge, but it is not specifically listed for a "carrying during" charge. (Docket No. 148 at 4). Hence, Defendant advocates that his prior PWID convictions are not admissible as intrinsic evidence to the "carrying during" charge alleged in Count Two. (*Id.* at 2-5). The Court disagrees.

As numerous courts have held, a defendant's prior felony conviction is admissible as intrinsic evidence to a "possession in furtherance" charge. *See United States v. Addison*, No. 2:23-CR-118, 2024 WL 4278289, at *7 (W.D. Pa. Sept. 24, 2024); *United States v. Terry*, No. 3:18-cr-24, 2022 WL 819200, at *5 (W.D. Pa. Mar. 14, 2022); *Stanton*, 2013 WL 529930, at *5 ("[T]he question of whether Defendant illegally possessed the weapons that are the subject of Count Two directly proves whether they were used in furtherance of a drug trafficking crime as charged in Count Five."). However, the Court has not located a case directly addressing the admissibility of

a defendant's prior felony conviction as intrinsic evidence to a "carrying during" charge. Nonetheless, after careful consideration of this issue, the Court is persuaded that there is no reason why a defendant's legal or illegal firearm possession is only directly relevant to a "possession in furtherance" charge, but not a "carrying during" charge. This conclusion is supported by the fact that the jury will be instructed that it may consider "all of the factors received in evidence in the case including … ***the circumstances surrounding the presence of the firearm.***" 3d Cir. Model Crim. Jury Instruction § 6.18.924B (emphasis added). In the Court's estimation, "the circumstances surrounding the presence of the firearm" encompass whether a defendant possessed the firearm legally or illegally. As further support, the Court of Appeals cited and considered the *Sparrow* factors, including that the defendant's firearm possession was illegal, in sustaining his conviction of carrying a firearm in relation to a drug trafficking crime. *See United States v. Jackson*, 575 F. App'x 59, 64 (3d Cir. 2014) (finding evidence sufficient to sustain the defendant's § 924(c)(1) "carrying during" conviction where, *inter alia*, his "possession of the firearm was illegal, as he had previously been convicted of a felony"). Accordingly, evidence of Defendant's prior PWID convictions is admissible as intrinsic evidence to Count Two.

In so ruling, the Court finds that Defendant's prior felony convictions are highly relevant at Count Two as evidence that he cannot legally possess a firearm, which tends to show that it is more probable he carried the firearm in relation to a drug trafficking crime instead of for some other reason. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Although Defendant's prior PWID convictions are intrinsic evidence and relevant, they still must survive Rule 403 balancing. *See United States v. Haas*, 184 F. App'x 230, 234 (3d Cir. 2006) ("[W]e emphasize that even 'intrinsic' evidence is subject to Rule 403

balancing."); *United States v. Ligambi*, 890 F. Supp. 2d 564, 578 (E.D. Pa. 2012) ("In addition to deciding whether the evidence . . . is intrinsic, the evidence must also be evaluated against the unfair prejudice standard of Rule 403."). As to Rule 403, the Court concludes that the probative value of the prior PWID convictions is not substantially outweighed by the potential for causing unfair prejudice to Defendant. As discussed, the jury will be instructed that it can consider the circumstances surrounding the presence of the firearm (which encompass whether a defendant possessed the firearm legally or illegally), among other factors, to determine whether Defendant carried the firearm in relation to a drug trafficking crime. In the Court's estimation, evidence of the prior PWID convictions is highly probative because it tends to show that Defendant possessed the firearm illegally, which goes to proving an element of Count Two (that Defendant carried the firearm during and in relation to a drug trafficking crime). Therefore, Rule 403 does not bar admission of Defendant's prior PWID convictions. However, any concern about prejudice can be addressed by an appropriate limiting instruction informing the jury of the proper use of the prior PWID convictions.

In summary, evidence of Defendant's prior PWID convictions as charged in connection with Count Four of the Superseding Indictment is independently admissible for other purposes as to Counts One and Two regardless of whether Count Four is bifurcated. Consequently, bifurcation of Count Four is unwarranted.

## IV. CONCLUSION

Defendant has failed to carry his "heavy burden," *Urban*, 404 F.3d at 775, of demonstrating clear and substantial prejudice to warrant relief under Rule 14(a) in the form of bifurcation. Accordingly, Defendant's Motion to Sever Count 4 for Purposes of Trial or, in the Alternative, to Bifurcate, (Docket No. 73), is DENIED.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date: <u>October 27, 2025</u>

cc/ecf:  All counsel of record

       Miquann Morgan-Graham (via U.S. mail)
       DOC No. 179627
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA  15219