**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-215 |
| | ) | |
| MIQUANN MORGAN-GRAHAM | ) | |

# MEMORANDUM OPINION

Presently before the Court are the following additional pretrial motions filed by *pro se* Defendant Miquann Morgan-Graham: Motion for a *Franks* Hearing Followed by Suppression Hearing; Motion to Dismiss the Superseding Indictment;[1] Motion to Suppress Evidence From Cell Phone Search Warrant Defects; and Motion to Suppress All Evidence Related to this Federal Prosecution, all of which are opposed by the Government. (Docket Nos. 190, 191, 193, 194, 199, 202, 207, 213). After careful consideration of the parties' respective positions, the Court finds that all of Defendant's arguments in support of a *Franks* hearing, suppression of evidence, and dismissal of the Superseding Indictment lack merit, thus his Motions will be denied in their entirety.

## I. Background

Defendant is charged in a four-count Superseding Indictment with the following: possession with intent to distribute a quantity of fentanyl, a quantity of a mixture and substance containing detectable amounts of fentanyl and fluorofentanyl, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); carrying a firearm, which was also a machinegun, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§

1 Although this Motion is entitled "Motion to Dismiss Counts Four and Two of the Superseding Indictment," Defendant specified that he wished to amend/correct the heading to just "Motion to Dismiss." (Docket No. 191 at 3, n.2).

924(c)(1)(A)(i) and 924(c)(1)(B)(ii) (Count Two); possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Docket No. 56).

Defendant, proceeding *pro se*, previously filed numerous pretrial motions, which were adjudicated by the Court. (*See* Docket Nos. 149, 152-155). Following resolution of Defendant's pretrial motions, the Court scheduled jury selection and trial to commence on February 9, 2026. (Docket No. 165). Attorney Ryan Smith, who is Defendant's standby counsel, joined by Defendant, subsequently moved to continue jury selection and trial, which the Court granted. (Docket Nos. 167, 173). Jury selection was then rescheduled on May 20, 2026, and trial was rescheduled to begin on May 26, 2026. (Docket No. 173).

After jury selection and trial were rescheduled, however, Defendant moved to file additional pretrial motions, which the Court initially denied without prejudice because it was unclear what type of motions he sought to file. (Docket Nos. 177, 178). Defendant moved to reconsider his request, the Court convened a status conference to address the matter, and ultimately permitted him to file the four additional pretrial motions which he identified at the status conference, with the specific directive that no other additional pretrial motions were permitted. (Docket Nos. 179, 186, 187). After Defendant filed the four additional Pretrial Motions which are presently before the Court, the Government responded, Defendant filed a Reply and a Supplemental Reply in support of his Motions, (Docket Nos. 202, 207), and the Government filed a Sur-reply. (Docket No. 213). Defendant's Pretrial Motions are now ripe for disposition.

## II. Motion for a *Franks* Hearing Followed by Suppression Hearing (Docket No. 190)

Defendant contends that the Affidavit in Support of the Criminal Complaint and Arrest Warrant in this case contain "blatant deficiencies" because it omits certain information concerning

his alleged lack of knowledge of his fugitive status and circumstances surrounding the shooting death of his girlfriend, which he claims was material to the probable cause determination. (Docket No. 190 at 1, 4-7). As a result, Defendant maintains that both a *Franks* hearing and a suppression hearing are warranted. Defendant is incorrect.

Initially, Defendant is not entitled to the relief he seeks because the operative charging document in this case is the Superseding Indictment, not the Criminal Complaint that Defendant claims was issued based upon a deficient Affidavit. To be clear, on September 21, 2023, Defendant was accused in a Criminal Complaint of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 4, 4-1). The grand jury subsequently returned an Indictment on October 4, 2023, charging Defendant with violating § 922(g)(1), (Docket No. 16), and later returned a Superseding Indictment on May 7, 2024, charging him with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii), 18 U.S.C. § 922(o)(1), and 18 U.S.C. § 922(g)(1). (Docket No. 56). Therefore, Defendant's contention that the Criminal Complaint is somehow deficient is negated by the fact that he subsequently was indicted by a federal grand jury. *See United States v. Vaughn*, 492 F. Supp. 3d 336, 343 (D.N.J. 2020) (illustrating that a felony indictment supersedes a criminal complaint and becomes the operative charging document) (citing *United States v. Dorsey*, 462 F.2d 361, 363 n.2 (3d Cir. 1972)) ("[T]he grand jury supersedes the complaint procedure by returning an indictment."); *United States v. Parker*, No. CIV.A. 03-6926, 2006 WL 759689, at *4 (E.D. Pa. Mar. 23, 2006) ("Even if the complaint [was] insufficient, however, the indictment superseded and thus cured any deficiencies in the complaint.") (citing *Jaben v. United States*, 381 U.S. 214, 220 (1965)).

Nonetheless, given Defendant's *pro se* status, the Court will liberally construe his argument to the extent he claims that suppression is warranted because the Affidavit omitted facts material

to the finding of probable cause for issuance of the Criminal Complaint and arrest warrant which in turn tainted the entire federal prosecution. Here again, Defendant is incorrect.

In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court articulated the rule governing situations involving allegedly misleading search warrant affidavits, holding that a defendant has the right to an evidentiary hearing to challenge the truthfulness of statements made in an affidavit establishing probable cause if certain requirements are met.[2] To obtain a hearing, *Franks* requires a defendant to make a substantial preliminary showing that the affidavit contained a false statement, which was made knowingly and intentionally or with reckless disregard for the truth, and which is necessary to the finding of probable cause. *Id.* at 155–56, 171. In order to make this showing, the defendant cannot rest on conclusory allegations or a "mere desire to cross-examine." *Id.* at 171. Rather, he must specifically identify the alleged false statements or omissions in the affidavit[3] and present an offer of proof contradicting the affidavit, including materials such as affidavits or sworn or otherwise reliable statements of witnesses, or provide a satisfactory explanation of their absence. *Id.*; *see also United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022) (citing *United States v. Yusuf*, 461 F.3d 374, 383 n. 8 (3d Cir. 2006)).

---

2 While *Franks* dealt with search warrants, later cases have applied its reasoning to arrest warrants. *See, e.g.*, *United States v. Carter*, 756 F.2d 310, 313 (3d Cir. 1985); *United States v. Harrison*, 400 F. Supp. 2d 780, 785 (E.D. Pa. 2005).

3 Statements or assertions contained in an affidavit of probable cause are "made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.' " *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United States v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir. 1995)). Omissions from an affidavit are made with reckless disregard for the truth if an affiant withholds facts that any reasonable person would know that a judge would want to know. *Id.* at 788. A district court "may properly infer that an affiant acted with reckless disregard for the truth where his affidavit contains an averment that was without sufficient basis at the time he drafted it." *United States v. Brown*, 631 F.3d 638, 649 (3d Cir. 2011). However, when attempting to demonstrate that the affiant included a false statement in a warrant affidavit or omitted material from it, it is insufficient to prove that he acted with negligence or made an innocent mistake. *Franks*, 438 U.S. at 171; *Yusuf*, 461 F.3d at 383.

"[The] preliminary showing [that a defendant must make] is no light burden and puts the defendant to task by requiring some offer of proof that materially false statements were recklessly or intentionally made." *United States v. Romeu*, 433 F. Supp. 3d 631, 645 (M.D. Pa. 2020) (quoting *United States v. Darby*, No. 1:14-CR-00123, 2015 WL 13344905, at *3 (M.D. Pa. Aug. 19, 2015)). To reiterate, "[t]o make the initial showing, a defendant must allege with specificity what was false in the affidavit, must provide proof, must allege that the affiant had a culpable state of mind, and must allege that the remaining information from the affidavit is insufficient to support a finding of probable cause." *United States v. Yokshan*, 431 F. App'x 170, 173 (3d Cir. 2011) (citing *Franks*, 438 U.S. at 171-72).

If the requirements of the substantial preliminary showing "are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. However, if the remaining content is insufficient, the defendant is entitled to a hearing.[4] *Id.* at 172.

In light of the prevailing legal standard, Defendant is not entitled to a *Franks* hearing because he has not made the requisite substantial preliminary showing. *See Franks*, 438 U.S. at 171. Defendant failed to make the threshold showing for two reasons: (1) he failed to make an offer of proof showing that Task Force Officer Christian Sciulli, who authored the Affidavit, misstated or omitted information from the Affidavit knowingly and intentionally or with reckless

4 If a *Franks* hearing is held, and the defendant proves by a preponderance of the evidence that the false statements or omissions were made knowingly and intentionally or with a reckless disregard for the truth, and with the affidavit's false material set aside, the remaining content is insufficient to establish probable cause, then the warrant must be voided, and the fruits of the search must be excluded from the trial. *Franks*, 438 U.S. at 156; *see also United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993).

disregard for the truth; and (2) even if the information that Defendant claims was omitted is inserted, the Affidavit still would contain sufficient content to support a finding of probable cause.

To begin, Defendant fails the first prong of *Franks* because he has not presented an offer of proof consisting of affidavits or sworn or otherwise reliable statements of witnesses to contradict the Affidavit and showing that Task Force Officer Sciulli knowingly and intentionally made false statements or omitted information from the Affidavit or that he acted with reckless disregard for the truth, nor has he explained the absence of these materials. *See Franks*, 438 U.S. at 171; *Desu*, 23 F.4th at 234; *Yusuf*, 461 F.3d at 383, n. 8; *United States v. Rodriguez-Colon*, 827 F. App'x 188, 190 (3d Cir. 2020) (affirming denial of motion to suppress evidence claiming that affidavit in support of search warrant contained material omissions where the defendant's challenge did not contain an offer of proof); *United States v. Rivera*, 524 F. App'x 821, 826 (3d Cir. 2013) ("Even if the information provided by the informants was unreliable, [defendant] has offered no evidence that the detective who provided the affidavit either knew that the information was not true or recklessly disregarded its falsity."). At most, Defendant has made speculative and conclusory allegations with respect to the alleged omissions which are insufficient to meet his burden for a hearing under *Franks*. *See Desu*, 23 F.4th at 234 (explaining that a defendant cannot "rest on mere conclusory allegations . . . but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses") (quoting *Yusuf*, 461 F.3d at 383, n.8).

Putting aside Defendant's failure to tender the requisite offer of proof, even if his claimed omissions regarding his alleged lack of knowledge of his fugitive status and circumstances surrounding the shooting death of his girlfriend are inserted into the Affidavit, probable cause for issuance of the Criminal Complaint and arrest warrant would not be negated. *See United States v.*

*McKnight*, 568 F. App'x 178, 182 (3d Cir. 2014) ("In a *Franks* proceeding, the court assesses materiality by removing allegedly false statements, inserting omissions, and determining whether probable cause nonetheless remains.") (citing *Yusuf*, 461 F.3d at 383-84). Quite simply, Defendant's alleged omitted facts are both unsupported and irrelevant to the charge of possession of a firearm by a convicted felon as alleged in the Criminal Complaint. Accordingly, given that the Affidavit established probable cause even if Defendant's alleged omissions are inserted, he is not entitled to a *Franks* hearing regarding the validity of the Criminal Complaint and the arrest warrant.

## III. Motion to Dismiss Superseding Indictment (Docket No. 191)

Defendant next argues that the Superseding Indictment should be dismissed because: (1) the § 922(g)(1) charge violates his Fifth and Fourteenth Amendment rights to due process and equal protection; (2) the §§ 922(g)(1) and 924(c) charges are the result of discrimination and/or selective prosecution; and (3) the Superseding Indictment, which was filed eight months after his arrest, is the result of prosecutorial vindictiveness. (Docket Nos. 191 at 3; 202 at 1-4). These claims are baseless and provide no reason to dismiss the Superseding Indictment.

The Executive Branch is vested with the exclusive authority to prosecute cases. *See United States v. Nixon*, 418 U.S. 683, 693 (1974). In our criminal justice system, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such

as race, religion, or other arbitrary classification.' " *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Defendant does not claim that his prosecution was motivated by any of these improper considerations. Rather, Defendant complains that "each and every felon and/or person convicted of a crime punishable by more than a year, found in possession of a Glock firearm while in Pennsylvania, [should] be similarly prosecuted in federal court. Just as the Defendant here currently is." (Docket No. 191 at 5). Defendant alleges that he was somehow "treated differently from others who were similarly situated," (Docket No. 202 at 3), yet there is nothing in the record to support that allegation. Notably, Defendant does not claim that his prosecution is based on an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore, to the extent that Defendant claims that his Fifth and Fourteenth Amendment rights to due process and equal protection were somehow violated, any such claim fails.

Turning to Defendant's contention that some or all of the charges against him are the result of selective prosecution, such a claim is "an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution" and is founded on principles of equal protection. *United States v. Armstrong*, 517 U.S. 456, 463, 465 (1996). To demonstrate selective prosecution, a defendant must show that the federal prosecutorial policy was "motivated by a discriminatory purpose" and had a "discriminatory effect." *Id.* at 465; *see also United States v. Schoolcraft,* 879 F.2d 64, 68 (3d Cir. 1989) ("A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive."). To establish a claim of selective prosecution, a defendant must (1) "provide evidence that persons similarly situated have not been prosecuted" and (2) "show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." *Id.* "The

defendant bears the burden of proof, and must establish each of these elements with 'clear evidence' sufficient to overcome the presumption of regularity that attaches to decisions to prosecute." *United States v. Taylor,* 686 F.3d 182, 197 (3d Cir. 2012) (quoting *Armstrong,* 517 U.S. at 464).

Defendant has failed to sustain his burden to establish that he has been selectively prosecuted. Defendant simply alleges, without any supporting evidence, that he was the victim of selective prosecution. Nothing in the record substantiates Defendant's bald assertion or suggests that he was prosecuted on the basis of an unjustifiable standard such as race, religion, or some other arbitrary factor, or to prevent him from exercising a fundamental right.

Defendant's claim of vindicative prosecution likewise fails. According to Defendant, the Government obtained the Superseding Indictment eight months after he was arrested and initially indicted because he supposedly declined to cooperate and/or provide any information he may have concerning the Race Street Crip gang. (Docket Nos. 191 at 8-9; 202 at 5-6).

"Prosecutorial vindictiveness may be found when the government penalizes a defendant for invoking legally protected rights." *United States v. Reynolds*, 374 F. App'x 356, 361 (3d Cir. 2010) (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). However, "there is no prosecutorial vindictiveness where the prosecutor's decision to prosecute is based upon the usual determinative factors." *United States v. Oliver*, 787 F.2d 124, 126 (3d Cir. 1986). A defendant bears the burden of proving prosecutorial vindictiveness, and he may meet his burden by either (1) using evidence of the prosecutor's retaliatory motive to prove actual vindictiveness, or (2) showing facts sufficient to give rise to a presumption of vindictiveness. *United States v. Paramo*, 998 F.2d 1212, 1220 (3d Cir. 1993). Courts will apply a presumption of vindictiveness only where there exists a "realistic likelihood of vindictiveness." *Id*. "The inquiry here is not whether there is a

possibility that the defendant might be deterred from exercising a legal right, but whether the situation presents a reasonable likelihood of a danger that the State might be retaliating against the accused for lawfully exercising a right." *United States v. Esposito*, 968 F.2d 300, 303 (3d Cir. 1992).

Defendant fails to show either actual vindictiveness or that a presumption of vindictiveness applies here. As to actual vindictiveness, Defendant does not allege that Government counsel harbored any actual animus towards him, let alone provide support for a finding that the decision to obtain the Superseding Indictment against him was motivated by any personal vindictiveness by Government counsel.

Next, as to any presumption of vindictiveness, it is notable that the Supreme Court has cast doubt on the applicability of the presumption in the pretrial context:

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized.

*See Goodwin*, 457 U.S. at 381; *see also United States v. Sellers*, 501 F. App'x 194, 197 (3d Cir. 2012) (noting that a presumption of prosecutorial vindictiveness does not generally apply to pre-trial prosecutorial conduct).

Notwithstanding the limited applicability of prosecutorial vindictiveness in this case given its current pretrial posture, the Court finds that Defendant has failed to allege any facts which support a presumption of vindictiveness, other than his assertion that additional charges were brought in the Superseding Indictment supposedly because he declined to cooperate. However, the mere fact that the Government filed a Superseding Indictment adding more charges does not

trigger a presumption of vindictiveness by the Government in prosecuting him on the additional charges. *See, e.g., Goodwin*, 457 U.S. at 382-83 ("[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."); *Reynolds*, 374 F. App'x at 361 (holding that the Government's filing of a superseding indictment which added more serious terrorism related charges to the original possession of destructive device charges set forth in indictment was insufficient to give rise to presumption of vindictiveness by the Government); *United States v. Dufresne*, 58 F. App'x 890, 895-96 (3d Cir. 2003) (finding that the Government's alleged decision to indict defendant because he had refused to cooperate in drug investigation was not a vindictive prosecution); *United States v. Braddy*, No. 03-CR-14-104, 2016 WL 3633536, at *7 (M.D. Pa. July 7, 2016) (finding that the Government's decision to charge defendants with additional drug related charges in the superseding indictment, after both had rejected plea agreements, did not constitute actual vindictiveness, nor did it trigger a presumption of vindictiveness); *United States v. Baskerville*, Crim. No. 03-836 JAP, 2007 WL 150439, at *3 (D.N.J. Jan. 17, 2007) ("[D]ue process does not prohibit a prosecutor from bringing additional charges against a defendant who refused to plead guilty to an offense with which he was originally charged or who refused to cooperate with authorities."). Defendant otherwise fails to identify any right that he was lawfully exercising that prompted the Government to retaliate. *See Esposito*, 968 F.2d at 303. Under these circumstances, the Government's decision to pursue a Superseding Indictment was not presumptively vindictive. Accordingly, even if a presumption of vindictiveness can be invoked in the pretrial context, Defendant has failed to demonstrate that such a presumption applies here.

## IV. Motion to Suppress Evidence From Cell Phone Search Warrant Defects (Docket No. 193)

Defendant moves to suppress evidence obtained from the search of his three cell phones pursuant to federal search warrants because he claims that the warrants violate the particularity requirement rendering them overbroad. (Docket No. 193 at 2). Defendant also argues that suppression is justified because the search warrant return sheets were not filled out, contrary to Federal Rule of Criminal Procedure 41(f), thus he is prejudiced because he does not know the date, time, or seized inventory and may unknowingly waive his right to challenge the same. (*Id.* at 5-6). Suppression is not warranted on either basis.

First, Defendant's particularity argument essentially contends that law enforcement was improperly permitted to search his three cell phones without limitation rendering the warrants overbroad. (Docket No. 202 at 7-8). Defendant is incorrect.

The Fourth Amendment prohibits general warrants. *See United States v. Perez*, 712 F. App'x 136, 138 (3d Cir. 2017) (citations omitted). "An overly broad warrant describe[s] in both specific and inclusive generic terms what is to be seized, but it authorizes the seizure of items as to which there is no probable cause." *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 149 (3d Cir. 2002) (internal quotation marks and citation omitted). To guard against the issuance of general warrants, courts require "particularity," which "prevents the seizure of one thing under a warrant describing another." *Perez*, 712 F. App'x at 138 (quoting *Marron v. United States*, 275 U.S. 192, 196 (1927)). Particularity has three components: "First, a warrant must identify the specific offense for which the police have established probable cause. Second, a warrant must describe the place to be searched. Third, the warrant must specify the items to be seized by their relation to designated crimes." *Id.* at 138-39 (citation omitted).

"[C]ourts generally recognize that search warrants may authorize broad searches of electronic data on cellphones and computers, without violating the particularity requirement." *United States v. Reese*, No. 19-257, 2021 WL 4429429, at *4 (W.D. Pa. Sept. 27, 2021). Broad searches of electronic devices are permissible "because criminals can—and often do—hide, mislabel, or manipulate files to conceal criminal activity, [and] a broad, expansive search of the hard drive may be required." *United States v. Stabile*, 633 F.3d 219, 237 (3d Cir. 2011). The nature of a cell phone "necessarily provides a potential criminal actor with a nearly limitless variety of means and methods to further their criminal activity, to broadcast their success in criminal activity, and to conceal evidence of their criminal activity[.]" *United States v. Carter*, No. 20-104, 2024 WL 510344, at *9 (W.D. Pa. Feb. 9, 2024). Because of the vast potential for cell phones to store evidence, a warrant to search a cell phone is sufficiently particularized so long as "it specified the item to be searched and the crime for which police were seeking evidence." *United States v. Bridges*, No. 21-1679, 2022 WL 4244276, at *4 (3d Cir. Sept. 15, 2022).

Here, the warrants to search Defendant's cell phones satisfy the three particularity components. First, Special Agent Wilner, who completed the Affidavit in support of the warrants, specified the offenses under investigation – that is, 18 U.S.C. §§ 922(g)(1) and 924(c) and 21 U.S.C. § 841(a)(1). (Docket Nos. 199-2, ¶ 9; 199-3 at 3; 199-4 at 3; 199-5 at 3). Second, the Affidavit described the place to be searched by specifically identifying the three cell phones to be examined. (Docket No. 199-2, ¶ 6). Notably, the Affidavit stated that Defendant was in possession of three cell phones when he was searched incident to arrest, at which time a Glock pistol equipped with a loaded magazine and a Glock conversion device, along with suspected narcotics, also were recovered from him. (*Id.*, ¶¶ 16, 18, 19, 20). Finally, in light of that information, the Affidavit identified the items to be seized by their relation to the alleged crimes. (Docket Nos. 199-2, ¶¶ 24-

27; 199-3 at 3; 199-4 at 3; 199-5 at 3). Because the warrants do not lack particularity, they are not overbroad, and therefore suppression is unwarranted.

However, even if the Court were to find that the warrants were overbroad, suppression still would not be appropriate because it was reasonable for law enforcement to rely on the warrants to search Defendant's three cell phones pursuant to the good faith exception to the exclusionary rule. The law applicable to the good faith exception is summarized as follows:

> The Supreme Court has held that evidence derived from a warrant not supported by probable cause is still admissible when obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate judge. *United States v. Leon*, 468 U.S. 897, 926 (1984). "[T]he purpose of the exclusionary rule - to deter police misconduct - would not be furthered by suppressing evidence obtained during a search 'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.' " *United States v. Tracey*, 597 F.3d 140, 150 (3d Cir. 2010) (quoting *Leon*, 468 U.S. at 919–20).
>
> The question is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922. Indeed, "[t]he mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." *United States v. Hodge*, 246 F.3d 301, 307-308 (3d Cir. 2001) (citing *Leon*, 468 U.S. at 922). The United States Court of Appeals for the Third Circuit has recognized that the good faith exception does not apply in four limited circumstances:
>
> > 1) where the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit;
> >
> > 2) where the magistrate judge abandoned his or her judicial role and failed to perform his or her neutral and detached function;
> >
> > 3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or
> >
> > 4) where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.
>
> *Tracey*, 597 F.3d at 151 (citations omitted). These limited exceptions "involve conduct that is 'deliberate, reckless, or grossly negligent.' " *Id.*

(quoting *Herring v. United States*, 555 U.S. 135 (2009)).

*United States v. Gardenhire*, Crim. No. 15-87, 2017 WL 1105733, at *15 (W.D. Pa. Mar. 24, 2017).

Defendant argues that the good faith exception is inapplicable because the Affidavit in support of the warrants to search the three cell phones failed to particularize the things to be seized. (Docket No. 202 at 8). However, as just discussed, the warrants do not lack particularity. Additionally, there is nothing in the record to suggest that the Magistrate Judge issued the warrants in reliance on a deliberately or recklessly false Affidavit, or that she abandoned her judicial role and failed to act in a neutral and detached manner. Finally, the Affidavit in support of the warrants was not so lacking in indicia of probable cause that it was entirely unreasonable for law enforcement to rely on it in searching Defendant's cell phones.[5] The record in this case simply does not support a finding that one of the four limited circumstances which permit the avoidance of the good faith exception apply here. *See Tracey*, 597 F.3d at 151. Consequently, suppression is not warranted.

Defendant next claims that the evidence should be suppressed because the search warrant return sheets for the cell phones were not filled out, contrary to Federal Rule of Criminal Procedure 41(f), thus he is prejudiced because he does not know the date, time, or seized inventory and may unknowingly waive his right to challenge the same. (Docket No. 193 at 5-6). The Court is not

---

5 Defendant complains that there was no probable cause to conclude that the cell phones contained evidence of drug trafficking because there were never any controlled buys. (Docket No. 193 at 3). Contrary to Defendant's position, there is no requirement that controlled buys must have occurred in order for probable cause to exist. Defendant also incorrectly contends that there was insufficient information to conclude that evidence of violating 18 U.S.C. §§ 922(g) and 924(c) would be found in the cell phones. (*Id.* at 2-3). Defendant's contention is belied by the fact that the Affidavit details that a Glock pistol equipped with a loaded magazine and a Glock conversion device, along with controlled substances, were recovered when he was searched incident to arrest. (Docket No. 199-2, ¶¶ 16, 18, 19). Therefore, there was a fair probability that Defendant's cell phones would contain evidence of his firearm possession in relation to drug trafficking. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

persuaded by this claim.

Rule 41 requires the officer who executes the warrant to promptly return it to the magistrate judge designated on the warrant. *See* Fed. R. Crim. P. 41(f)(1)(D). "The procedural requirements of Rule 41(d) are essentially ministerial in nature."[6] *United States v. Hall*, 505 F.2d 961, 963 (3d Cir. 1974) (citations omitted). In *Hall*, the Third Circuit Court of Appeals explained that not every violation of the procedures in Rule 41 "however insignificant and however lacking in consequences, should give rise to the remedy of suppression." *Id.* at 964. Rather, a district court should grant a motion to suppress based on a Rule 41 violation only when the defendant demonstrates prejudice, "that is, prejudice in the sense that it offends concepts of fundamental fairness or due process." *Id.*

In this case, law enforcement's failure to strictly comply with Rule 41 does not justify the remedy of suppression. Nothing in the record suggests that the warrant return was not filled out due to bad faith on the Government's part. Further, Defendant has made no showing of prejudice. While Defendant claims that he is prejudiced because he does not know the date, time, or seized inventory and may unknowingly waive his right to challenge the same, (Docket No. 193 at 6), the Government represents that the information which would have been included on the search warrant returns was provide to Defendant through discovery. (*See* Docket No. 199 at 20) (specifying the information that has been provided via discovery). In sum, suppression is not warranted based on law enforcement's ministerial violation of Rule 41(f). *See United States v. Brown*, Crim. No. 15-182, 2017 WL 3593883, at *10 (W.D. Pa. Aug. 21, 2017) (finding that law enforcement's failure to strictly comply with Rule 41 and the magistrate judge's order did not justify suppression of

6 When *Hall* was decided in 1974, Rule 41(d) addressed the requirement of promptly making a return of the search warrant. *See Hall*, 505 F.2d at 961 n.1. At present, that requirement is contained in Rule 41(f). *See* Fed. R. Crim. P. 41(f)(1)(D) (stating that "[t]he officer executing the warrant must promptly return it ... to the magistrate judge designated on the warrant").

evidence, where there was no evidence of bad faith by the Government or prejudice to the defendant).

## V. Motion to Suppress All Evidence Related to this Federal Prosecution (Docket No. 194)

Defendant contends that certain defects related to a state arrest warrant mandate suppression of all evidence in this case as fruit of the poisonous tree. To that end, Defendant asserts that (1) the Commonwealth of Pennsylvania failed to apprehend him using due diligence in violation of Pennsylvania Rule of Criminal Procedure 600, (2) the affidavit in support of the state arrest warrant misrepresented facts material to the finding of probable cause for issuance of the warrant, and (3) the affiant on the affidavit in support of state arrest warrant had an adverse credibility finding against him which resulted in his testimony being stricken in a court proceeding. (Docket No. 194 at 2). Defendant argues that the foregoing "technical violations of the state amount to multiple constitutional deprivations of his Fifth and Fourteenth Amendment right to due process as well as his Sixth Amendment right to a speedy trial," which warrant suppression of all evidence in this case or dismissal of the Superseding Indictment. (*Id.* at 1, 2, 8). Defendant is incorrect that the alleged state violations mandate any such relief in the instant federal criminal case.

Initially, the Court notes that no evidentiary hearing is required on the foregoing issues raised by Defendant because whether he was subjected to an unlawful arrest is a legal question for the Court to resolve as there is no dispute that he had an active arrest warrant, he was arrested pursuant to the warrant, and a loaded, stolen 9mm Glock pistol equipped with a Glock conversion device and narcotics were discovered when he was searched incident to arrest. *See United States v. Waller*, No. 2:24-CR-90, 2025 WL 3165662, at *2 (W.D. Pa. Nov. 13, 2025) (finding no evidentiary hearing was necessary under such circumstances).

Before addressing Defendant's specific claims, the Court first notes that he is charged in federal court with federal firearm and controlled substance offenses, thus federal law applies. *See Elkins v. United States*, 364 U.S. 206, 223-24 (1960) ("In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed."); *United States v. Rickus*, 737 F.2d 360, 363 (3d Cir. 1984) ("It is a general rule that federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law."). Therefore, "evidence obtained in accordance with federal law is admissible in federal court—even though it was obtained by state officers in violation of state law." *Id.* at 363-64.

Defendant first contends that the state arrest warrant was executed in violation of Pennsylvania Rule of Criminal Procedure 600. (Docket No. 194 at 4-6). Even if that was so, where an arrest meets federal constitutional standards, it is irrelevant if it was made in violation of state law. *See Virginia v. Moore*, 553 U.S. 164, 178 (2008) ("But the arrest rules that the officers violated were those of state law alone, and as we have just concluded, it is not the province of the Fourth Amendment to enforce state law. That Amendment does not require the exclusion of evidence obtained from a constitutionally permissible arrest."); *United States v. Laville*, 480 F.3d 187, 189 (3d Cir. 2007) ("We write to correct that misunderstanding by making clear that state or local law does not dictate the reasonableness of an arrest for purposes of a Fourth Amendment probable cause analysis—a violation of state or local law is not, in other words, a *per se* violation of the Fourth Amendment."). Defendant only alleges that his arrest violated a Pennsylvania procedural rule. He does not claim that the arrest was unreasonable for purposes of the Fourth

Amendment or that it was otherwise contrary to federal constitutional standards. Accordingly, Defendant's argument concerning violation of a Pennsylvania procedural rule provides no basis to suppress the evidence that was seized incident to his arrest.

Defendant's next argument - that suppression is warranted because the state arrest warrant was issued pursuant to an affidavit that mispresented or omitted facts material to the finding of probable cause, (Docket Nos. 194 at 3-4; 202 at 9-15), fares no better. According to Defendant, Detective Gino Macioce, who was the affiant on the state affidavit, made a "blatant incorrect identification[]" of him as the suspect "seen entering the vehicle in question." (Docket No. 194 at 3). Defendant further alleges that the state affidavit misrepresented that he was connected to the vehicle, which supposedly was owned by his mother. (*Id.* at 4).

Given Defendant's contention that the state affidavit misrepresents and omits information which undermines the probable cause finding, the Court construes Defendant's argument as a request for a *Franks* hearing. However, Defendant is not entitled to a *Franks* hearing because he has not made the requisite substantial preliminary showing. *See Franks*, 438 U.S. at 171.

To that end, Defendant fails the first prong of *Franks* because he has not presented an offer of proof consisting of affidavits or sworn or otherwise reliable statements of witnesses to contradict the state affidavit and showing that Detective Macioce knowingly and intentionally made false statements or omitted information from the affidavit or that he acted with reckless disregard for the truth, nor has he explained the absence of these materials. *See Franks*, 438 U.S. at 171; *Desu*, 23 F.4th at 234; *Yusuf*, 461 F.3d at 383, n. 8; *Rodriguez-Colon*, 827 F. App'x at 190 (affirming denial of motion to suppress evidence claiming that affidavit in support of search warrant contained material omissions where the defendant's challenge did not contain an offer of proof); *Rivera*, 524 F. App'x at 826 ("Even if the information provided by the informants was unreliable,

[defendant] has offered no evidence that the detective who provided the affidavit either knew that the information was not true or recklessly disregarded its falsity."). At most, Defendant has made speculative allegations with respect to the alleged misrepresentations and omissions which are insufficient to meet his burden for a hearing under *Franks*. *See Desu*, 23 F.4th at 234 (explaining that a defendant cannot "rest on mere conclusory allegations . . . but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses") (quoting *Yusuf*, 461 F.3d at 383, n.8). Despite the absence of an offer of proof, even if the information that Defendant claims is a misstatement or omission is excised or inserted, the state affidavit still would contain sufficient content to support a finding of probable cause. *See McKnight*, 568 F. App'x at 182 ("In a *Franks* proceeding, the court assesses materiality by removing allegedly false statements, inserting omissions, and determining whether probable cause nonetheless remains.") (citing *Yusuf*, 461 F.3d at 383-84). Accordingly, Defendant is not entitled to a *Franks* hearing regarding the validity of the state arrest warrant.

Defendant next claims that Detective Macioce, who was the affiant on the state affidavit in support of the arrest warrant, has "been found to be uncredible and stricken from testimony by a state court." (Docket No. 194 at 2). Defendant provides no support whatsoever for his assertion that Detective Macioce had an adverse credibility finding against him. Even if the opposite were true, it would not invalidate the state arrest warrant which was supported by probable cause at the time it was issued.

Defendant's fourth contention that the foregoing alleged technical violations of Pennsylvania procedure amount to multiple violations of his constitutional rights, (Docket No. 194 at 2), does not entitle him to the relief he seeks. To reiterate, "[a] technical violation of a state procedural rule does not automatically rise to the level of a Fourth Amendment violation requiring

suppression of the evidence seized." *United States v. Brookins*, 413 F. App'x 509, 512 (3d Cir. 2011) (citing *Moore*, 553 U.S. at 173). Rather, a defendant "must demonstrate that the technical violations amounted to a constitutional deprivation; mere conclusory allegations are insufficient." *Id.* at 513 (citing *United States v. Voigt*, 89 F.3d 1050, 1071 n. 10 (3d Cir. 1996)). While Defendant acknowledges that these principles control, he nonetheless maintains that he "has made a substantial showing of prejudice and constitutional deprivations" to warrant relief. (Docket No. 194 at 7). Contrary to Defendant's position, the Court finds that he has not established prejudice that rises to the level of a constitutional deprivation warranting suppression of the evidence in this federal case. Nothing suggests that the alleged technical violations of Pennsylvania procedure somehow undermined the state court judge's probable cause finding and the issuance of the arrest warrant. Accordingly, suppression of all evidence related to this federal prosecution, as Defendant requests, is unjustified.

Finally, even if the Court were to conclude that technical violations of Pennsylvania procedure in obtaining the state arrest warrant somehow undermined its validity, it was reasonable for the police to rely on the warrant to apprehend Defendant pursuant to the good faith exception to the exclusionary rule. As already discussed, the state arrest warrant was not issued in reliance on a deliberately or recklessly false affidavit. *See Tracey*, 597 F.3d at 151. Further, there is nothing in the record to suggest that the state judge abandoned his judicial role and failed to act in a neutral and detached manner. *See id.* Likewise, any claim that the state arrest warrant was so facially deficient that it was not particularized is unsupported by the record. *See id.* Finally, the state warrant affidavit is not so lacking in indicia of probable cause that it was entirely unreasonable for the police to rely on it in arresting Defendant. *See id.* In the Court's estimation, under the totality of the circumstances, the information contained in the state affidavit established

probable cause for issuance of the arrest warrant. In sum, even if the state arrest warrant was deemed insufficient, the good faith exception would apply to the police's reliance on it to arrest Defendant. Accordingly, suppression is not warranted.

## VI. Conclusion

For the reasons discussed, Defendant is not entitled to a *Franks* hearing, there is no basis to suppress any evidence in this case, and there is no basis to dismiss the Superseding Indictment. Accordingly, Defendant's Pretrial Motions, (Docket Nos. 190, 191, 193, 194), are DENIED in their entirety.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date: October 9, 2026

cc/ecf: All counsel of record

Miquann Morgan-Graham (via U.S. mail)
Inmate No. 78841-510
Butler County Prison
202 S. Washington Street
Butler, PA 16001